IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 14, 2021

## SHAUN RONDALE CROSS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Marshall County**
**No. 13-CR-137      M. Wyatt Burk, Judge**
_____

### No. M2021-00183-CCA-R3-ECN
_____

Petitioner, Shaun Rondale Cross, pled guilty to possession with the intent to sell twenty-six grams or more of cocaine and was sentenced to twenty-five years as a Range III, persistent offender. After an unsuccessful post-conviction petition, Petitioner filed a second post-conviction petition along with an untimely petition for writ of error coram nobis based on a claim of newly discovered evidence of actual innocence. Following an evidentiary hearing, the coram nobis court dismissed the motion to reopen post-conviction and denied the error coram nobis petition. On appeal, Petitioner claims the coram nobis court erred by denying him error coram nobis relief. Following review of the record, the briefs of the parties, and applicable law, we affirm the judgment of the coram nobis court in accordance with Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals.**

JILL BARTEE AYERS, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and NORMA MCGEE OGLE, J., joined.

Jonathon Fagan, (at trial and on appeal), Nashville, Tennessee, for the appellant, Shaun Rondale Cross.

Herbert H. Slatery III, Attorney General and Reporter; Caitlin Smith, Senior Assistant Attorney General; Robert J. Carter, District Attorney General; and William Bottoms, Assistant District Attorney General, for the appellee, State of Tennessee.

# MEMORANDUM OPINION

Petitioner was charged in connection with a drug deal that was aborted when he and his Co-defendants, Laura Lucille Carter and Adrian Marcel Newbill, became suspicious that a sale of cocaine involved a confidential informant. When the informant approached the prearranged exchange site, Petitioner and his Co-defendants drove off without consummating the transaction. Law enforcement followed the trio and initiated a traffic stop. Petitioner handed the cocaine to Co-defendant Carter and instructed her to hide it in her pants. Co-defendant Newbill who was driving the vehicle, stopped the vehicle, and all three were ordered out of the car. Officers retrieved the cocaine from Co-defendant Carter. The cocaine weighed 26.93 grams.

The Marshall County Grand Jury entered a true bill charging Petitioner and his Co-defendants in count one with possession with the intent to sell twenty-six grams or more of cocaine and in count two with possession with the intent to deliver the same. On October 2, 2014, pursuant to a negotiated agreement, Petitioner pled guilty to possession with the intent to sell twenty-six grams of cocaine and received a twenty-five year sentence at 45% release eligibility and was fined the minimum mandatory amount of $2,000. Count two was dismissed.

Petitioner pursued a timely but unsuccessful post-conviction petition wherein he alleged that his guilty plea was involuntarily and unknowingly entered due to the ineffective assistance of trial counsel. Prior to entry of the written order denying post-conviction relief, Petitioner filed a motion to reconsider the denial of his post-conviction petition. He attached to the motion to reconsider a letter from Co-defendant Carter addressed to "Shaun," dated February 17, 2016, with the following statement:

> Hey, my sentence is 15 yrs at 45%. I'm charged with fasc. of possession. The "possession" charge was dismissed, and I pled guilty to fascilitation (sic) of possession.
>
> I claim the ounce as mine, I'm doing time for it. It was on <u>me</u> and I'm writing you this to let you know I'm the guilty on fascilitation (sic) possession. You not guilty on having an ounce – I am. This is my statement.
>
> – Laura Carter

The post-conviction court entered an order denying post-conviction relief and a separate order denying the motion to reconsider. This court affirmed the denial of post-conviction relief. Petitioner did not seek permission to appeal the judgment to the supreme

court. *See Shaun Rondale Cross v. State*, No. M2016-01578-CCA-R3-PC, 2017 WL 2782200, at *1 (Tenn. Crim. App., at Nashville, June 27, 2017), *no perm. app. filed.*

On June 15, 2020, Petitioner filed a second pro se post-conviction petition claiming that the State withheld exculpatory evidence in violation of *Brady v. Maryland,* 373 U.S. 83 (1963). Petitioner alleged that the State failed to disclose Co-defendant Carter's statement to the police that she had brokered the drug deal between "Jeff" and her drug source, a man named "Tony," not the Petitioner, "Shaun." Petitioner also filed on the same date, a pro se error coram nobis petition alleging that Co-defendant Carter had "recanted her earlier testimony and admitted that she had perjured herself in a prior proceeding." As supporting proof, Petitioner attached the June 2016 letter from Co-defendant Carter. Petitioner argued that the statute of limitations should be tolled because he did not receive Co-defendant Carter's letter until after the statute of limitations had run in October 2014. He also blamed the correctional facility for the four-year delay in filing the error coram nobis petition.

The coram nobis court[1] entered a preliminary order treating the second post-conviction petition as a motion to reopen post-conviction under section § 40-30-117 of the Tennessee Code and appointing counsel to represent Petitioner on the motion to reopen and the error coram nobis petition. At the evidentiary hearing on both petitions, Petitioner's counsel announced to the coram nobis court that he wished to strike the *Brady* claim and "anything related" to the claim because a thorough review of the record showed that the State had in fact, provided Petitioner with Co-defendant Carter's statement to law enforcement about "Tony" in response to two defense motions in limine. The State confirmed that Co-defendant Carter's statement was provided to Petitioner before he entered his plea. The *Brady* issue was the only claim raised in the motion to reopen post-conviction proceedings.

Petitioner was the only witness to testify at the hearing. He testified that although he was "actually innocent," he pled guilty due to his criminal record, the statements of his co-defendants, and the fact that "he was a black man in a white neighborhood" riding in a car with crack cocaine. Petitioner was aware that Co-defendant Carter was going to testify against him at trial before he entered his plea. He added that he had "no way of proving" Co-defendant Carter's statement to be false. He insisted that he was unaware of the brokered drug deal and denied that he was in possession of any drugs at the time of the traffic stop. Petitioner understood Co-defendant Carter's letter to mean that she was taking sole responsibility for the crack cocaine. Based on his understanding of the letter, Petitioner argued that he should not have been charged in the case. Without Co-defendant

---

[1] We will refer to the trial court that heard the proceedings in both the motion to reopen post-conviction and the error coram nobis petition as the coram nobis court.

Carter's "recanted" statement, Petitioner insisted that his plea was not knowingly and voluntarily entered.

With regard to the delay in filing the error coram nobis petition, Petitioner testified that he received the letter from Co-defendant Carter in 2016, that he then sent post-conviction counsel a copy of Co-defendant Carter's letter with instructions to raise the issues addressed in the motion to reconsider, that the correctional facility lost the "original copy" of Co-defendant Carter's letter, and that nothing was done or filed for four years.

In a detailed and lengthy order, the coram nobis court dismissed the motion to reopen post-conviction because the motion did not satisfy the statutory requirements of Tennessee Code Annotated § 40-30-117. Having reviewed the court filings, the trial court held that the State tendered Co-defendant Carter's statement to the defense on December 10, 2013.

The coram nobis court denied the error coram nobis petition on the grounds that it was untimely, due process tolling was unjustified, and the petition failed to establish a meritorious basis for error coram nobis relief. The coram nobis court held that even if Petitioner's explanation for the delay could be considered true, it did not justify Petitioner's four-year delay in filing the error coram nobis petition given that Petitioner could have easily reached out to post-conviction counsel for a copy of Co-defendant Carter's February 2016 letter to file a coram nobis petition. The coram nobis court also held that even if the error coram nobis petition had been timely filed, Petitioner was not entitled to relief because Co-defendant Carter's February 2016 letter did not constitute newly discovered evidence of a recanted statement. It is the coram nobis court's order denying error coram nobis relief from which Petitioner timely filed a notice of appeal.

Petitioner did not seek permission to appeal the trial court's judgment in denying the motion to reopen post-conviction. *See* T.C.A. § 40-30-117(c) ("[i]f the motion is denied, the petitioner shall have thirty (30) days to file an application in the court of criminal appeals seeking permission to appeal"); *see also* Sup. Ct. R. 28, § 10(B). On appeal, Petitioner challenges only the coram nobis court's decision in denying his error coram nobis petition, arguing that coram nobis court committed plain error by not tolling the limitations period. He maintains that he was without fault in failing to present Co-defendant Carter's February 2016 letter in a timely filed error coram nobis petition. Relying on *Freshwater v. State,* 160 S.W.3d 548 (Tenn. Crim. App. 2004), Petitioner argues that he has satisfied the requirements to be granted a "withdrawal of his plea and a trial." He avers that he would have "opted to try the case if he knew that the Co-defendant would admit to sole possession of the drugs at the time (of his plea)."

Neither of the parties in their briefs, nor the coram nobis court's order denying error coram nobis relief addresses the 2016 Tennessee Supreme Court decision in *Frazier v. State*, 495 S.W.3d 246 (Tenn. 2016). In *Frazier*, the supreme court reversed its decision in *Wlodarz v. State,* 361 S.W.3d 490, 503-04 (Tenn. 2012), which held that a petitioner who had entered a guilty plea could challenge his convictions through a writ of error coram nobis. In reversing *Wlodarz,* the supreme court expressly held that "the coram nobis statute is not available as a procedural mechanism for collaterally attacking a guilty plea." *Frazier,* 495 S.W.3d 248-53.

In *Frazier,* the supreme court emphasized that error coram nobis is a procedural remedy governed purely by statute. *Frazier,* 495 S.W.3d at 248. The writ of coram nobis is codified in Tennessee Code Annotated section 40-26-105 and states:

> The relief obtainable by this proceeding shall be confined to errors dehors the record and to matters that were not or could not have been *litigated on the trial* of the case, on a motion for a new trial, on appeal in the nature of a writ of error, on writ of error, or in a habeas corpus proceeding. Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were *litigated at the trial* if the judge determines that such evidence may have resulted in a different judgment, had it been presented *at the trial*.

T.C.A. § 40-26-105(b) (emphasis added).

The supreme court noted that the plain and simple meaning of the phrases "litigated on the trial," "litigated at the trial," and "at the trial," reflect "a contested proceeding involving the submission of evidence to a fact-finder who then must assess and weigh the proof in light of the applicable law and arrive at a verdict of guilt or acquittal." *Frazier,* 495 S.W.3d at 250. In contrast, there is no mention of the word "plea" in the coram nobis statute. *Id.* at 249. Furthermore, a guilty plea is a non-adversarial proceeding: no evidence is presented, the defendant waives his right to a trial, and he admits to having committed one or more of the charged offenses. *Id.* at 250-51.

Since *Frazier,* this court has decided a number of coram nobis cases involving guilty plea convictions. In all of them, we have affirmed the denial of relief. *See Charles Blackstock v. State*, No. E2019-01446-CCA-R3-ECN, 2020 WL 2844527, at *1-3 (Tenn. Crim. App., at Knoxville, June 1, 2020) (State's Rule 20 motion to affirm granted where petitioner used coram nobis to challenge guilty-pleaded convictions), *no perm. app. filed; Mike Settle v. State,* No. W2018-01527-CCA-R3-ECN, 2019 WL 1594930, at *1-2 (Tenn. Crim. App., at Jackson, April 15, 2019) (coram nobis court's dismissal affirmed per Rule

20 where petitioner challenged guilty plea conviction for especially aggravated kidnapping), *no perm. app. filed; Luis G. Mendoza v. State,* No. W2017-02373-CCA-R3-ECN, 2018 WL 5292500, at *1-2 (Tenn. Crim. App., at Jackson, Oct. 24, 2018) (Rule 20 granted to affirm coram nobis petition challenging best interest plea), *no perm. app. filed; see also Kendall Joy v. State, No.* W2019-01437-CCA-R3-ECN, 2020 WL 4187315, at *1 (Tenn. Crim. App., at Jackson, July 20, 2020) (coram nobis properly dismissed petition to collaterally attack guilty plea), *perm. app. denied* (Tenn. Nov. 17, 2020); *Gary Allen McKennie v. State*, No. W2017-01561-CCA-R3-ECN, 2018 WL 4693116, at *2 (Tenn. Crim. App., at Jackson, Sept. 28, 2018), *no perm. app. filed; Thiermo Mamadou Diallo v. State,* No. M2017-01410-CCA-R3-ECN, 2018 WL 4361137, at *2 (Tenn. Crim. App., at Nashville, Sept. 12, 2018), *perm. app. denied* (Tenn. Jan. 18, 2019).

Here, Petitioner pled guilty instead of going to trial. He therefore cannot collaterally attack his conviction using the coram nobis statute. Because Petitioner pled guilty, the coram nobis statute is inapplicable, regardless of whether the petition is timely or the statute of limitations is tolled. Thus, any further consideration of Petitioner's claims is pretermitted as moot.

When an opinion would have no precedential value, this court may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment of action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. The judgment of the coram nobis court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JILL BARTEE AYERS, JUDGE